# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **IN RE: TRANSDATA, INC. SMART METERS PATENT LITIGATION** | **Case No. 5:12-ml-02309-C**<br><br>Hon. Judge Robin J. Cauthron |
| This document relates to the case to be remanded to:<br><br>*TransData, Inc. v. Alabama Power Company,*<br>No. 2:11-cv-635-MHT-TFM (M.D. Ala.) | |

## PLAINTIFF TRANSDATA, INC.'S
## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff TransData, Inc., for its amended complaint against Defendant Alabama Power Company, hereby demands a jury trial and alleges as follows:

## THE PARTIES

1. Plaintiff TransData, Inc. ("TransData") is a Texas corporation having a place of business at 2560 Tarpley Road, Carrollton, Texas 75006.

2. TransData was founded in 1969, and has been involved in the design and manufacture of power and energy metering products for over 40 years. Specifically, TransData has been active in the design and manufacture of digital solid-state electric meters since approximately 1979 and has brought six generations of solid-state electric meters to market. TransData had its headquarters in Tyler, Texas from 1987 to 1990, and has occupied its current suburban-Dallas location since 1990.

3. TransData has provided electric meters and related products and services to over 500 electric utilities and power producers in more than 25 countries worldwide, including all of the 50 largest electric utility companies in the United States.

4. Upon information and belief, Defendant Alabama Power Company ("Alabama Power"), is an Alabama Corporation having a place of business at 600 North 18th St., Birmingham, Alabama 35203.

## JURISDICTION

5. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court has jurisdiction over the patent infringement claims pursuant to 28 U.S.C. § 1407. The U.S. District Court for the Middle District of Alabama has original and exclusive subject matter jurisdiction over the patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338.

6. The U.S. District Court for the Middle District of Alabama has personal jurisdiction over Alabama Power because Alabama Power has established contacts with the forum—including by voluntarily conducting business and soliciting customers in the State of Alabama—and the exercise of jurisdiction over Alabama Power would not offend the traditional notions of fair play and substantial justice. Alabama Power is an Alabama Corporation and has extensive business operations in Alabama.

## VENUE

7. Venue is proper in the U.S. District Court for the Middle District of Alabama under 28 U.S.C. §§ 1391 and/or 1400 because the Defendant is subject to personal jurisdiction in the Middle District of Alabama.

8. Venue is proper in the U.S. District Court for the Middle District of Alabama as to Alabama Power because Alabama Power is doing business in the Middle District of Alabama, and also because it is currently using infringing electric meters (including but not limited to Sensus iCon electric meters) within the Middle District of Alabama.

## RELATED CASES

9. The following actions asserting the same patents-in-suit have been consolidated in this Court pursuant to 28 U.S.C. § 1407, are pending, and will be remanded for trial as: *TransData, Inc. v. CenterPoint Energy Houston Electric, LLC et al.*, 6:10-cv-557-LED-JDL (E.D. Tex.); *TransData, Inc. v. Tri-County Electric Cooperative, Inc.*, 6:11-cv-46-LED-JDL (E.D. Tex.); *TransData, Inc. v. Denton County Electric Cooperative, Inc. d/b/a CoServ Electric,* 6:11-cv-113-LED-JDL (E.D. Tex.); *TransData, Inc. v. Georgia Power Co.*, 5:11-cv-305-MTT (M.D. Ga.); *TransData, Inc. v. Mississippi Power Co.*, 3:11-cv-499-CWR-FKB (S.D. Miss.); *TransData, Inc. v. Oklahoma Gas & Electric Company*, 5:11-cv-01032-C (W.D. Okla.); *TransData, Inc. v. San Diego Gas & Electric Company*, 3:11–cv–2529–DMS–RBB (S.D. Cal.); and *TransData, Inc. v. Wisconsin Power & Light Co.*, 3:11-cv-745-bbc (W.D. Wis.).

## COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 6,181,294

10.     TransData realleges and incorporates by reference the allegations in paragraphs 1 through 9 of this Complaint as though fully set forth herein.

11.     United States Patent No. 6,181,294 ("the '294 Patent"), entitled "Antenna for Electric Meter and Method of Manufacture Thereof," was duly and legally issued on January 30, 2001.  The '294 Patent was duly and legally assigned to TransData, and TransData owns and has full rights to sue and recover damages for infringement of the '294 Patent.  A copy of the '294 Patent is attached hereto as Exhibit 1.

12.     TransData has complied with the requirements of 35 U.S.C. § 287 and marks its products by identifying the '294 Patent on its electric meters.

13.     The '294 Patent is valid and enforceable.

14.     Alabama Power has infringed, and is still infringing, one or more claims of the '294 Patent by making, using, offering to sell, selling, and/or importing electric meters, specifically including, without limitation, Sensus iCon electric meters.

15.     On information and belief, Alabama Power is also making, using, offering to sell, selling, and/or importing additional wireless electric meters, including without limitation Elster Alpha A3 electric meters and/or electric meters with SmartSynch, Inc. wireless modules, which are similar to the Sensus iCon electric meters and which may also infringe one or more claims of the '294 Patent.  Although publicly-available information on these additional meters is very limited, TransData believes, on

information and belief, that discovery will show that they also infringe one or more claims of the '294 Patent.

16. Alabama Power's infringement of the '294 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for Alabama Power's infringement, which in no event can be less than a reasonable royalty.

17. Alabama Power has caused TransData substantial damage and irreparable injury by its infringement of the '294 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by Alabama Power is enjoined by the Court.

18. The '294 Patent was subject to an *ex parte* reexamination procedure in the Patent office that concluded on August 14, 2012 with a Reexamination Certificate confirming claims 17-30. A copy of the Reexamination Certificate for the '294 Patent is attached hereto as Exhibit 2.

19. Alabama Power was on notice of the conclusion of the reexamination proceeding and the confirmation of all asserted claims of the '294 Patent by no later than August 14, 2012.

20. Despite having knowledge of the '294 Patent and the Patent Office's confirmation of the validity of claims 17-30, Alabama Power has continued to engage in objectively reckless infringing conduct. Accordingly, Alabama Power's infringement is willful.

## COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 6,462,713

21. TransData realleges and incorporates by reference the allegations in paragraphs 1 through 9 of this Complaint as though fully set forth herein.

22. United States Patent No. 6,462,713 ("the '713 Patent"), entitled "Antenna for Electric Meter and Method of Manufacture Thereof," was duly and legally issued on October 8, 2002. The '713 Patent was duly and legally assigned to TransData, and TransData owns and has full rights to sue and recover damages for infringement of the '713 Patent. A copy of the '713 Patent is attached hereto as Exhibit 3.

23. TransData has complied with the requirements of 35 U.S.C. § 287 and marks its products by identifying the '713 Patent on its electric meters.

24. The '713 Patent is valid and enforceable.

25. Alabama Power has infringed, and is still infringing, one or more claims of the '713 Patent by making, using, offering to sell, selling, and/or importing electric meters, specifically including, without limitation, Sensus iCon electric meters.

26. On information and belief, Alabama Power is also making, using, offering to sell, selling, and/or importing additional wireless electric meters, including without limitation Elster Alpha A3 electric meters and/or electric meters with SmartSynch, Inc. wireless modules, which are similar to the Sensus iCon electric meters and which may also infringe one or more claims of the '713 Patent. Although publicly-available information on these additional meters is very limited, TransData believes, on

6

information and belief, that discovery will show that they also infringe one or more claims of the '713 Patent.

27. Alabama Power's infringement of the '713 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for Alabama Power's infringement, which in no event can be less than a reasonable royalty.

28. Alabama Power has caused TransData substantial damage and irreparable injury by its infringement of the '713 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by Alabama Power is enjoined by the Court.

29. The '713 Patent was subject to an *ex parte* reexamination procedure in the Patent office that concluded on August 7, 2012 with a Reexamination Certificate confirming claims 1-27. A copy of the Reexamination Certificate for the '713 Patent is attached hereto as Exhibit 4.

30. Alabama Power was on notice of the conclusion of the reexamination proceeding and the confirmation of all asserted claims of the '713 Patent by no later than August 7, 2012.

31. Despite having knowledge of the '713 Patent and the Patent Office's confirmation of the validity of claims 1-27, Alabama Power has continued to engage in objectively reckless infringing conduct. Accordingly, Alabama Power's infringement is willful.

**COUNT 3 – INFRINGEMENT OF U.S. PATENT NO. 6,903,699**

32.     TransData realleges and incorporates by reference the allegations in paragraphs 1 through 9 of this Complaint as though fully set forth herein.

33.     United States Patent No. 6,903,699 ("the '699 Patent"), entitled "Wireless Communication Device for Electric Meter and Method of Manufacture Thereof," was duly and legally issued on June 7, 2005.  The '699 Patent was duly and legally assigned to TransData, and TransData owns and has full rights to sue and recover damages for infringement of the '699 Patent.  A copy of the '699 Patent is attached hereto as Exhibit 5.

34.     TransData has complied with the requirements of 35 U.S.C. § 287 and marks its products by identifying the '699 Patent on its electric meters.

35.     The '699 Patent is valid and enforceable.

36.     Alabama Power has infringed, and is still infringing, one or more claims of the '699 Patent by making, using, offering to sell, selling, and/or importing electric meters, specifically including, without limitation, Sensus iCon electric meters.

37.     On information and belief, Alabama Power is also making, using, offering to sell, selling, and/or importing additional wireless electric meters, including without limitation Elster Alpha A3 electric meters and/or electric meters with SmartSynch, Inc. wireless modules, which are similar to the Sensus iCon electric meters and which may also infringe one or more claims of the '699 Patent.  Although publicly-available

information on these additional meters is very limited, TransData believes, on information and belief, that discovery will show that they also infringe one or more claims of the '699 Patent.

38. Alabama Power's infringement of the '699 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for Alabama Power's infringement, which in no event can be less than a reasonable royalty.

39. Alabama Power has caused TransData substantial damage and irreparable injury by its infringement of the '699 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by Alabama Power is enjoined by the Court.

40. The '699 Patent was subject to an *ex parte* reexamination procedure in the Patent office that concluded on June 19, 2012 with a Reexamination Certificate confirming claims 1, 3, 5, 8, 10-11, and 16. A copy of the Reexamination Certificate for the '699 Patent is attached hereto as Exhibit 6.

41. Alabama Power was on notice of the conclusion of the reexamination proceeding and the confirmation of all asserted claims of the '699 Patent by no later than June 19, 2012.

42. Despite having knowledge of the '699 Patent and the Patent Office's confirmation of the validity of claims 1, 3, 5, 8, 10-11, and 16, Alabama Power has

continued to engage in objectively reckless infringing conduct. Accordingly, Alabama Power's infringement is willful.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff TransData respectfully requests that judgment be entered in favor of TransData and against Defendant Alabama Power and further prays that the Court grant the following relief to TransData:

    A.    A judgment that Alabama Power has infringed the '294 Patent, the '713 Patent, and the '699 Patent, and continues to infringe '294 Patent, the '713 Patent, and the '699 Patent;

    B.    Entry of a permanent injunction pursuant to 35 U.S.C. § 283 enjoining Alabama Power, as well as its officers, directors, servants, consultants, managers, employees, agents, attorneys, successors, assigns, affiliates, subsidiaries, and all persons in active concert or participation with any of them, from infringement of the '294 Patent, the '713 Patent, and the '699 Patent, including but not limited to making, using, offering to sell, selling, or importing any products that infringe or products that perform the patented processes set forth in the '294 Patent, the '713 Patent, and the '699 Patent;

    C.    An award of all damages adequate to compensate TransData for Alabama Power's infringement, such damages to be determined by a jury and, if necessary, an accounting of all damages;

    D.    An award of prejudgment and post-judgment interest to TransData pursuant to 35 U.S.C. § 284;

    E.    A declaration that this case is exceptional under 35 U.S.C. § 285 and an award of the reasonable attorneys' fees, costs, and expenses incurred by TransData in this action;

F. An award of increased damages in an amount not less than three times the amount of damages awarded to TransData for each of Alabama Power's willful infringement of the '294 Patent, the '713 Patent, and the '699 Patent pursuant to 35 U.S.C. § 284; and

.G. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

TransData hereby demands a trial by jury on all issues and claims so triable.

Dated: November 5, 2012    Respectfully submitted,

*/s/ Andrew W. Lester*
Andrew W. Lester, OBA No. 5388
Carrie L. Vaughn, OBA No. 21866
**LESTER, LOVING & DAVIES, P.C.**
1701 South Kelly Avenue
Edmond, Oklahoma  73013-3623
Telephone:  (405) 844-9900
Facsimile:  (405) 844-9958
Email:  alester@lldlaw.com


*/s/ Paul R. Steadman, P.C.*
Paul R. Steadman, P.C.
Matthew D. Satchwell
**KIRKLAND & ELLIS LLP**
300 N. LaSalle Street
Chicago, Illinois  60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:  paul.steadman@kirkland.com
Email:  matthew.satchwell@kirkland.com

*Attorneys for Plaintiff TransData, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 5th, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants.

David B Donchin
ddonchin@dlb.net

Lisa Kobialka
lkobialka@kramerlevin.com

John A Kenney
john.kenney@mcafeetaft.com

James Hannah
jhannah@kramerlevin.com

Glen Mullins
gmullins@dlb.net

Stevan R Stark
sstark@perkinscoie.com

R Ryan Deligans
rdeligans@dlb.net

Kristopher B Kastens
kkastens@kramerlevin.com

Charles A Stewart, III
cstewart@bradleyarant.com

Christina Jordan McCullough
cmccullough@perkinscoie.com

Stephen L Thomas
sthomas@bradleyarant.com

Brian Thomas Cartwright
bcartwright@dentonlaw.com

R Paul Yetter
pyetter@yetterwarden.com

Thomas M. Morrow
tmorrow@yettercoleman.com

Paul R Steadman
psteadman@kirkland.com

Kevin J Terrazas
kterrazas@yettercoleman.com

Michael J Word
mword@mayerbrown.com

Christopher Ryan Johnson
cjohnson@yettercoleman.com

Duane David Hough
dhough@mayerbrown.com

John C Barker
cbarker@yettercoleman.com

| | |
|---|---|
| Ramsey M Al-Salam<br>ralsalam@perkinscoie.com | Cliff A Maier<br>cmaier@mayerbrown.com |
| Lawrence K Nodine<br>nodinel@ballardspahr.com | Anup K Misra<br>amisra@mayerbrown.com |
| Charley F Brown<br>browncf@ballardspahr.com | Richard William Miller<br>millerrw@ballardspahr.com |
| Katrina Marie Quicker<br>quickerk@ballardspahr.com | Paul Andre<br>pandre@kramerlevin.com |

*/s/ Andrew W. Lester*
Andrew W. Lester