IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE:  TRANSDATA, INC. SMART     )
METERS PATENT LITIGATION,     )    Case Number 12-ml-2309-C

## MEMORANDUM OPINION AND ORDER

On February 25, 2013, the Court issued a Memorandum Opinion and Order construing the term "electric meter circuitry," as that term is used within the patents-in-suit.  In reaching its decision on the proper construction, the Court considered the briefs of the parties and the evidence presented at a hearing conducted on February 5, 2013.  After consideration of that information, the Court ultimately determined the proper construction of the phrase "electric meter circuitry" was circuitry capable of manipulating, storing, displaying, or gathering electric meter data. The Court specifically rejected the proposed construction submitted by Plaintiff which would have required the use of a digital electric meter.  The Court's decision in this regard was based, at least in part, upon its determination that during recent re-examination proceedings, and when facing arguments regarding the scope of the patent, Plaintiff had failed to expressly limit the scope of its patent to require digital circuitry.

After receipt of the Court's Order, Plaintiff filed a Motion to Reconsider Claim Construction Order (Dkt. No. 181), arguing that the Court overlooked some of the evidence presented in the prior proceedings.  Specifically, Plaintiff notes that during the recent re-examination proceedings, it submitted an express disclaimer which stated, "A person of ordinary skill in the art in 1997 . . . would have understood that the electric meter circuitry disclosed and claimed . . . measures voltage or current and determines metering data **by**

**implementing digital circuitry**. . . .   A person of ordinary skill in the art in 1997 would have understood that 'electric meter circuitry' . . . **does not include a conventional electricity meter utilizing a rotating disc**." (Pl.'s Brf., Dkt. No. 122, Ex. 10, at TD-00649927-28 (emphasis added).)   Plaintiff then directs the Court to the Patent Office's confirmation, wherein it determined the patents were indeed valid, stating: "Examiner agrees with patent owner's argument that the claimed 'electric meter circuitry' as described in the '294 patent is distinguishable from the prior art because **it requires the use of digital circuitry and excludes electromechanical meters from the claimed 'electric meter circuitry**.'" (Pl.'s Brf., Dkt. No. 122, Ex. 10, TD-00650342-43 (emphasis added).)   Thus, Plaintiff argues, the Court overlooked its evidence of disclaimer or disavowal and as a result reached an erroneous conclusion which was based on an incorrect understanding of the facts before it.

In response, Defendants argue that the Court should reject Plaintiff's request for reconsideration because Plaintiff has failed to demonstrate that extraordinary circumstances warrant such an action.   Defendants argue that Plaintiff had an opportunity to raise these arguments before and failed to do so, noting that Tenth Circuit precedent does not allow a motion to reconsider to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." <u>Servants of Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000).   According to Defendants, Plaintiff could have raised the very arguments noted here in its prior briefing, as the evidence and the law existed at the time of that prior briefing. According to Defendants, Plaintiff should not be allowed to make a claim construction

argument based on disavowal in a motion for reconsideration. Rather, Defendants argue, Plaintiff could and should have raised these arguments during the claim construction process.

The Court has re-read the briefs submitted by the parties prior to the claims construction hearing and reviewed the transcript from that hearing and finds that Plaintiff is not creating a new argument. Rather, it is simply highlighting and clarifying an argument that was previously brought before the Court. Plaintiff's opening brief in several instances mentioned and discussed the re-examination proceedings and the actions taken there. Indeed, the above-cited quotations about the re-examination process arise from exhibits attached to Plaintiff's opening brief. While certainly Plaintiff's argument on disavowal and the effect of the statements made during the re-examination process could have been more clear, the issues now before the Court in the Motion to Reconsider were raised and should have been more fully considered by the Court. Accordingly, the Court finds that Plaintiff is not prevented from raising the issue on a motion to reconsider.

The parties are in agreement that where an issue is disavowed before the Patent Office on re-examination, that disavowal is effective in understanding the scope of the patent. The dispute here is whether or not Plaintiff's statements to the Patent Office and the Patent Examiner's statements reflect a clear disavowal of terms, or a clear narrowing of the scope of the patent. Plaintiff's statement that its patent measured metering data by using digital circuitry was a statement "so clear as to show reasonable clarity and deliberateness" and "so unmistakable as to be unambiguous evidence of disclaimer." Omega Eng'g, Inc. v. Raytek Corp., 334 F.3d 1314, 1325 (10th Cir. 2003). Therefore, the Court finds that the disclaimer

or disavowal was effective to require the use of digital meter and electric meter circuitry. See Krippelz v. Ford Motor Co., 667 F.3d 1261 (Fed. Cir. 2012) (recognizing statements made during re-examination can be considered during construction).

Plaintiff also directs the Court's attention to certain searches made by the Patent Office during the original patent proceedings. Plaintiff argues these searches are evidence that digital circuitry/digital meters were recognized by the Patent Office as required as early as 1997. However, the fact that the examiner in 1997 used certain search terms as evidence that in 1997 it was clear to the Patent Office that a digital meter was required does not clearly establish the limitation urged by Plaintiff. Rather, the scope of the Court's determination is that during the re-examination proceedings, Plaintiff made a clear and unambiguous statement that its patents required digital meters and that the Patent Office adopted that clear and unequivocal statement in determining that the patents were, in fact, valid. The extent to which Plaintiff's actions during re-examination may give rise to a claim of intervening rights, or at what time the patents clearly required the use of digital meters, are issues left for another day. The limitation of the current holding is – as of the date of re-issuance following re-examination, the patents-in-suit required the use of a digital meter.

For the reasons set forth herein, the Court vacates its February 25, 2013, Memorandum Opinion and Order to the extent that Order construed the phrase "electric meter circuitry" as used in USP 6,181,294; USP 6,462,713; and/or USP 6,903,699 to mean "circuitry capable of manipulating, storing, displaying, or gathering electric meter data." Rather, the Court construes "electric meter circuitry" as used in USP 6,181,294; USP

6,462,713; and/or USP 6,903,699 to mean "digital circuitry in an electric meter that measures voltage or current and determines multiple types of metering data."  Therefore, Plaintiff's Motion to Reconsider Claim Construction (Dkt. No. 181) is GRANTED.  Because Defendants' Motion for Summary Judgment of Invalidity of U.S. Patent No 6,903,699, U.S. Patent No. 6,462,713 and U.S. Patent No. 6,181,294 (Dkt. No. 182) was premised on the Court's prior construction of the term "electric meter circuitry" that motion is STRICKEN.

IT IS SO ORDERED this 25th day of June, 2013.


ROBIN J. CAUTHRON
United States District Judge