IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE:  TRANSDATA, INC. SMART      )
METERS PATENT LITIGATION,           )    Case Number 12-ml-2309-C

## ORDER

Plaintiff has filed a Motion seeking to prevent Defendants from offering evidence of prior art devices as a sanction for Defendants' alleged discovery misconduct.  According to Plaintiff, Defendants have engaged in a concerted and joint effort to prevent it from discovering information to rebut Defendants' invalidity defenses.  Plaintiff asserts prejudice arising from Defendants' practices and requests the Court bar Defendants from producing any evidence or argument related to the "withheld devices" at trial.  In response, Defendants assert they have cooperated with Plaintiff at every turn and have provided all information sought that is within their possession.

The Court has reviewed the parties' briefs and the volumes of material offered in support.  Therein, Plaintiff raises very serious allegations about Defendants' conduct during the discovery stage of this matter.  The documents offered by Plaintiff are not conclusive evidence of wrongdoing by Defendants but do give rise to a strong inference that Defendants have been far less than forthcoming in discovery.  At a minimum, it is apparent that Defendants have played a shell game regarding production of photographs and certain devices among themselves and their indemnitors.  At the same time, Plaintiff has not been diligent in pursuing the material it sought in a timely fashion.  While the Court appreciates and expects the parties to work together to resolve disputes, it is also incumbent on the parties to bring those matters they need resolved to the Court in a timely fashion, not at the

end of discovery and not with many items lumped together.  Indeed, given the manner and timing in which Plaintiff has presented its arguments, it is apparent that Plaintiff's goal was not to obtain the items and information sought, but to combine enough little problems to provide a foundation for an extreme sanction.  Plaintiff's reaction to Defendants' offers in attempt to address Plaintiff's concerns is telling in this regard.  Ultimately, it is the nature of the sanction sought by Plaintiff that is fatal to its request.

Plaintiff seeks sanctions pursuant to Fed. R. Civ. P. 37(c) and/or the Court's inherent power.  As the parties recognize, four factors guide the Court's decision to sanction a party under Rule 37(c):  "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999).  The Court's inherent power to sanction was recognized in Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991); see also LaFleur v. Teen Help, 342 F.3d 1145, 1149 (10th Cir. 2003) ("federal district courts have the inherent power to manage their business 'so as to achieve the orderly and expeditious disposition of cases.'") (quoting Chambers, 501 U.S. at 43). Sanctions under Chambers are available where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  Chambers, 501 U.S. at 33 (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975)).

Both sources of sanction power are premised on balancing the equities among the parties. Before such a balance is necessary there must be some evidence of inequity.  Despite

all the argument regarding Defendants' alleged wrongdoing, Plaintiff has failed to offer any concrete examples of prejudice. Certainly, Plaintiff complains of a witness dying and documents being destroyed, but it offers no evidence or argument to demonstrate how those instances harmed its ability to respond to Defendants' invalidity contentions. Even if the Court accepted Plaintiff's argument that photographs were not timely produced or that electric meters were not timely produced, Plaintiff has not demonstrated measurable prejudice. Rather, Plaintiff offers only conclusory statements that it has been harmed. Plaintiff falls far short of demonstrating that excluding evidence is the only manner to ensure a fair trial. As a result, Plaintiff has failed to establish entitlement to the sanction sought. Accordingly, Plaintiff's Motion will be denied.

    Defendant Denton Municipal Electric has filed a Motion to Strike Plaintiff's Motion for Sanctions. According to Defendant Denton Electric, Plaintiff has improperly lumped it together with the other Defendants. Defendant Denton argues that Plaintiff has failed to offer any evidence that it withheld evidence or participated in any plan to withhold evidence. Defendant Denton, relying on 28 U.S.C. § 1927, requests an award of its fees and costs associated with responding to Plaintiff's Motion and filing this Motion.

    Defendant Denton's Motion will be denied. Plaintiff has offered sufficient evidence and argument to demonstrate Defendant Denton Municipal Electric was a participant in the alleged wrongdoing. As Plaintiff notes, Defendant Denton has actively participated with the other Defendants in all other phases of this litigation and is operating under a joint defense agreement. These facts are sufficient to join Defendant Denton with the other Defendants.

However, as with the other Defendants, Plaintiff has failed to demonstrate the sanctions sought are warranted against Defendant Denton Municipal Electric.

As set forth more fully herein, Transdata's Motion to Exclude Evidence Relating to Certain of Defendants' Alleged Prior-Art Devices (Dkt. No. 347) is DENIED. Defendant Denton Municipal Electric's Counter Motion to Strike Transdata's Motion for Sanctions (Dkt. No. 370) is DENIED. All parties will bear their own fees and costs associated with these Motions.

IT IS SO ORDERED this 16th day of April, 2014.

ROBIN J. CAUTHRON
United States District Judge