**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **IN RE: TRANSDATA, INC. SMART METERS PATENT LITIGATION** | **Case No. 5:12-ml-02309-C** |

**TRANSDATA'S MOTION TO STRIKE UNTIMELY WITNESSES AND
<u>EXPEDITE BRIEFING, AND BRIEF IN SUPPORT</u>**

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     LEGAL STANDARDS ....................................................................................... 1

III.    THE COURT SHOULD STRIKE DEFENDANTS' NEWLY-
        IDENTIFIED WITNESSES ................................................................................. 3

        A.      The Court's Scheduling Order Required Witness Lists By
                January 17, 2014 ...................................................................................... 3

        B.      Long After The Deadline To Exchange Witness Lists, Defendants
                Have Attempted To Add Numerous Additional Witnesses. ........................ 4

                1.      New Witnesses Allegedly With Knowledge Regarding
                        Defendants' New And Untimely Invalidity Defenses. ...................... 4

                2.      New Witnesses Allegedly With Knowledge Regarding
                        Defendants' Existing Invalidity Defenses ........................................ 7

        C.      Defendants' Improper And Untimely Attempts To "Amend" Or
                "Supplement" Their Witness Lists Prejudice TransData. ........................ 10

        D.      Striking The Newly-Identified Witnesses Is The Appropriate
                Remedy .................................................................................................. 12

IV.     THE COURT SHOULD EXPEDITE BRIEFING ON THIS MATTER ............... 13

V.      CONCLUSION ................................................................................................. 13

## I.      INTRODUCTION

Here we go again.  Defendants' games with their witness lists continue unabated. This Court set a deadline for the exchange of witness lists.  Now, long after that deadline and without even seeking the Court's permission, Defendants have served what purport to be "supplemental" or "amended" witness lists identifying ***brand new witnesses***.  Some Defendants have also attempted to "amend" their witness lists via emails indicating that they intend to depose previously-undisclosed witnesses, or that already-deposed witnesses have knowledge or information that was never previously disclosed to TransData.

These blatant violations of Rule 16 and this Court's Scheduling Order prejudice TransData.  There are few days left in the already-extended fact discovery period.  It is simply not fair to require TransData to investigate Defendants' new and untimely invalidity defenses and depose their newly-disclosed witnesses at this late stage.

Because of the prejudice resulting from Defendants' violation of Rule 16, TransData asks the Court to strike the Defendants' newly-added witnesses.  And because Defendants are now scheduling depositions of their previously-undisclosed witnesses, and actively adding new witnesses even as TransData worked to finalize this motion, TransData respectfully asks this Court to expedite briefing on this motion.

## II.     LEGAL STANDARDS

Rule 16 of the Federal Rules of Civil Procedure provides that "[a] schedule may be modified ***only*** for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4) (emphasis added).  "Demonstrating good cause under [Rule 16] 'requires the moving

1

party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'" *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)). In *Hughes v. Z, Inc.*, this Court noted "Rule 16's fairly stringent 'good cause' standard which requires . . . a persuasive reason why the dates originally set by the scheduling order . . . could not 'reasonably be met despite the diligence of the party seeking the extension.'"   No. 04-980-C, 2006 WL 290576, at *2 (W.D. Okla. Feb. 6, 2006) (Cauthron, J.) (citations omitted).

To enforce Rule 16, this Court "may issue *any just orders*, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."   Fed. R. Civ. P. 16(f)(1)(c) (emphasis added). Rule 37 authorizes the Court to "prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."   Fed. R. Civ. P. 37(b)(2)(A)(ii).   The Court also has the inherent power to sanction conduct that abuses the judicial process.   *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991); *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 267 (10th Cir. 1995).   The Court's inherent power to sanction "extends to a full range of litigation abuses" even when "procedural rules exist which sanction the same conduct."   *Chambers*, 501 U.S. at 46, 49.

## III.   THE COURT SHOULD STRIKE DEFENDANTS' NEWLY-IDENTIFIED WITNESSES

### A.   The Court's Scheduling Order Required Witness Lists By January 17, 2014.

This Court's September 7, 2012 Scheduling Order required Defendants to serve their witness lists on or before May 6, 2013.  (Dkt. No. 65.)   That deadline was subsequently extended multiple times.  (Dkt. Nos. 149, 157, 210.)   On December 23, 2013, Defendants asked to extend the witness list deadline again, this time until January 30, 2014, in order to "better allow counsel [for Defendants] to provide witness lists that are more representative of the witnesses they might call at trial."  (Dkt. No. 271 at 1–2.)  This Court granted that request in part, extending the witness list deadline to January 17, 2014.  (Dkt. No. 274.)  The witness list deadline has not been extended since.

On February 24, 2014—about six weeks before the original close of fact discovery—TransData asked the Court to strike witnesses never previously disclosed in Defendants' Rule 26 initial disclosures from Defendants' witness lists.  (Dkt. No. 331.)  This Court denied that motion because "[t]he scheduling order anticipates that there will be witnesses who can be added ***until the deadline of the witness exchange***."  (Ex. 1, Hr'g Tr. Excerpt at 10 (Mar. 13, 2014) (emphasis added).)   Consequently, the parties asked this Court to extend fact discovery deadline to account for Defendants' then-last minute disclosure of witnesses.  (Dkt. No. 373.)  This Court extended fact discovery by 90 days, but did not extend its deadline to exchange witness lists.  (Dkt. No. 385.)

3

**B.      Long After The Deadline To Exchange Witness Lists, Defendants Have Attempted To Add Numerous Additional Witnesses.**

Now, ***more than four months*** after "the deadline of the witness exchange," and with precious few weeks remaining in discovery, Defendants have added new witnesses to their witness lists.  These witnesses allegedly have knowledge that generally relates to the alleged invalidity of the Patents-in-Suit, an issue on which Defendants bear the burden of proof.   Some of Defendants' newly-identified witnesses allegedly have knowledge related to new and untimely invalidity defenses.  Others allegedly know about previously-disclosed invalidity defenses that Defendants should have investigated and identified long ago.

**1.      *New Witnesses Allegedly With Knowledge Regarding Defendants' New And Untimely Invalidity Defenses.***

Nearly ***two years ago***, TransData asked Defendants to identify all individuals with knowledge of alleged prior art other than patents or printed publications.

> For each prior art reference that is not a patent or publication on which you intend to rely, including any prior art meter or other on-sale device that you contend constitutes prior art to any of the Asserted Claims of the Patents-in-suit, state the full legal and factual basis for your contention that the reference is invalidating prior art.  For the avoidance of doubt, your answer should . . . ***identify the person(s) or entity(ies) which publicly used, made and received the sale or offer for sale, or made the information known and received that information; identify the persons most knowledgeable about each such meter or other on-sale device*** . . . .

(Ex. 2, TransData's Common Interrogatory No. 14 to Defendants (Sept. 7, 2012) (emphasis added).)   In response, Defendants generally referred back to their Invalidity Contentions, as well as the Invalidity Contentions served before these related cases were consolidated in this multidistrict litigation.  Those Invalidity Contentions do not identify

any of the new alleged prior art witnesses Defendants only recently identified.  And the vast majority of these new witnesses relate to new invalidity defenses never disclosed to TransData until recently.   Indeed, Defendants have admitted that the allegedly invalidating use by San Diego Gas & Electric ("SDG&E") was not included in their Invalidity Contentions by seeking leave—albeit far too late—to amend their Invalidity Contentions to include this allegedly invalidating use.  (*See* Dkt. No. 415.)  For example, on May 12, 2014, Defendant Oklahoma Gas & Electric ("OG&E") identified Steve Grady as a witness allegedly with "knowledge of San Diego Gas and Electric's installation and use of solid state ABB prior-art meters with internal Cellnet communications modules."  (Ex. 4, OG&E's 9th Am. Witness List at 5–6.)  Before that date, no Defendant had ever disclosed Mr. Grady as a potential trial witness on its witness list.

On May 30, 2014, OG&E named William Vogel, John Wambaugh, and Virgil Ashlock—***for the first time in witness lists or initial disclosures***—as witnesses with knowledge of SDG&E's alleged use, namely "Cellnet prior-art products, to include modules for use in solid state meters such as the ABB Alpha meter."  (Ex. 5, OG&E's 10th Am Witness List at 11.)  Defendants indicated that Messrs. Vogel, Wambaugh, and Ashlock allegedly know about Defendants' new theory of invalidity, namely the purported SDG&E pilot program.  (Ex. 8, June 2, 2014 Al-Salam Email to McDole.)

On June 6, 2014, Defendant OG&E served its co-defendant SDG&E with a Rule 30(b)(6) deposition notice aimed at SDG&E's allegedly-invalidating use that was nonetheless omitted from Defendants' Invalidity Contentions.  But OG&E never listed a

corporate representative of SDG&E on its witness list.  Even as TransData worked to finalize this motion, Defendants were adding more witnesses.  On June 12, 2014, shortly before 7:00 pm CDT, Counsel for OG&E indicated that Defendants plan to re-depose Alabama Power, a former co-defendant.   (Ex. 9, June 12, 2014 Morrow Email to McDole.)  Again, none of the Defendants have ever listed a corporate representative of Alabama Power on their witness list.

Also on June 6, 2014, Defendants CenterPoint Energy Houston Electric ("CenterPoint"), SDG&E, Texas-New Mexico Power Company ("TNMP"), and Tri-County Electric Cooperative, Inc. ("Tri-County") noticed their intent to subpoena Kansas City Power & Light and Union Electric n/k/a Ameren Corporation ("Union Electric") to support Defendants' new invalidity theory.  (Exs. 10–11, June 6, 2014 Notices.)  The next business day, OG&E purported to "amend" its witness list—*for a twelfth time*—to add representatives of both Kansas City Power & Light and Union Electric as trial witnesses.  (Ex. 7, OG&E's 12th Am. Witness List.)

Defendants should have disclosed these new invalidity defenses and witnesses long ago.  It is now far too late to add them to the case.  But Defendants may not even be done trying to locate new evidence.  They have indicated that they are "also investigating whether there are other witnesses to corroborate" their brand new invalidity defenses. (Ex. 8, June 2, 2014 Al-Salam Email to McDole.)

The time to identify witnesses has come and gone.  Without even seeking leave of the Court, Defendants resorted to simply dumping a host of eleventh-hour witnesses on TransData in direct conflict with the Court's Scheduling Order.   Adding numerous

witnesses well after the deadline to identify witnesses and on the eve of fact discovery closing substantially prejudices TransData by forcing it to divert significant resources to respond to Defendants' late-game deposition dump.

### 2. *New Witnesses Allegedly With Knowledge Regarding Defendants' Existing Invalidity Defenses.*

Nearly as prejudicial as Defendants' new witnesses in support of a new invalidity defense are Defendants' new witnesses in support of an ***old*** invalidity defense. These witnesses should have been identified—but were not—on Defendants' January 17, 2014 witness lists.

For instance, Defendants assert an Innovatec device as alleged prior art. (*See, e.g.*, Dkt. No. 415, Ex. 1 at 10–11.) Over three months ago—well before the close of discovery—TransData identified William Baxter as one with knowledge relating to the Innovatec device and the fact that it is not even prior art. (Ex. 12, TransData's 2d Suppl. Initial Disclosures at 5.) Mr. Baxter is an attorney that prosecuted a related Innovatec trademark, and is now an in-house attorney for General Electric who is indemnifying at least Defendant OG&E. Despite TransData's multiple requests for Mr. Baxter's deposition, General Electric's counsel repeatedly refused TransData's request to make Mr. Baxter available, and vehemently stated that General Electric would move to quash any subpoena. (Ex. 13, Mar. 13, 2014 McAughan Email to Emerson and Karson; Ex. 14, Apr. 14, 2014 McAughan Email to Emerson and Karson; Ex. 15, May 13, 2014 McAughan Email to Karson and Emerson.) Instead of incurring the expense of fighting a

motion to quash, TransData sought the information through other witnesses identified by Defendants, namely Lance Ehrke and Eric Dresselhuys.

Defendants were apparently not happy with Mr. Ehrke's and Mr. Dresselhuys's testimony.  Therefore, on Sunday, June 1, 2014, Silver Spring Networks, one of OG&E's indemnitors, waived privilege and produced documents to TransData relating to the Innovatec trademark (the scope of this waiver of privilege is broad and the focus of additional discovery).  Two days later, counsel for Defendants Oncor Electric Deliver Company, LLC ("Oncor") and Denton County Electric Cooperative, Inc. d/b/a CoServ Electric ("CoServ") stated that "Oncor and CoServ may also seek the deposition of Bill Baxter . . ." (Ex. 16, June 3, 2014 Nodine Email to Counsel), and the next day indicated that "Bill Baxter is available for deposition on June 20 in Waukesha, Wisconsin." (Ex. 17, June 4, 2014 Nodine Email to McDole.)  Amazingly, General Electric (one of OG&E's indemnitors) had no objection to producing Mr. Baxter for a deposition when **Defendants** sought it after Silver Spring Networks (OG&E's other indemnitor) waived privilege regarding the Innovatec trademark file.  This all came as a surprise to TransData because General Electric had so vehemently objected to producing Mr. Baxter for a deposition.  By preventing Mr. Baxter's deposition in March, General Electric and Defendants—who are all operating as part of the same Joint Defense Group and who continue to play "shell games" amongst themselves (*see* Dkt. No. 407, Order of April 16, 2014 at 1)—prevented TransData from conducting any timely follow-up discovery that may be necessary if Mr. Baxter's deposition is allowed to go forward now.  On June 6, 2014, OG&E added Mr. Baxter to its witness list.  (Ex. 6, OG&E 11th Am. Witness List.)

Similarly, Defendants waited until just recently to pursue discovery of third-party Brooks Stevens, Inc. ("Brooks Stevens"). (*See* Ex. 18, May 20, 2014 Notice.) Defendants have long known of Brooks Stevens, yet Defendants made no effort to depose this company or seek any discovery from it until now.  After all, Defendants have long been aware of documents identifying Brooks Stevens' connection to Innovatec. Nonetheless, Defendants Oncor and CoServ waited until May 20, 2014 to serve their Notice of a Rule 30(b)(6) deposition of Brooks Stevens (*id.*), which notice they modified on June 6, 2014 (Ex. 19, June 6, 2014 Notice).  Even today, nearly ***five months after*** the witness list deadline, Brooks Stevens does not appear on any Defendant's witness list.

Defendants also recently modified the description of the testimony that their validity expert, Michael Wiebe, will offer at trial.  Defendants originally indicated that Mr. Wiebe would "be called as an expert witness" to "offer testimony regarding invalidity of the patents-in-suit and state of the industry before and subsequent to the filing of the applications that resulted in the patents-in-suit." (*E.g.*, Ex. 3, OG&E's 8th Am. Witness List at 5.)  Then, on May 12, 2014, nearly ***four months after the witness list deadline*** and over eighteen months after TransData served an interrogatory on Defendants to learn the identity of their alleged prior art witnesses, OG&E changed its description of Mr. Wiebe's anticipated testimony to indicate that he "also has knowledge of public displays of the ***Innovatec*** meter at industry events and trade shows." (Ex. 4, OG&E's 9th Am. Witness List (emphasis added).)  Accordingly, OG&E has effectively added Mr. Wiebe as a fact witness regarding the Innovatec device.  But Defendants have never identified Mr. Wiebe as having such knowledge in their Rule 26 initial disclosures,

nor have they identified Mr. Wiebe in response to TransData's interrogatory seeking the identities of individuals with knowledge of alleged prior art products like the Innovatec device.

### C.   Defendants' Improper And Untimely Attempts To "Amend" Or "Supplement" Their Witness Lists Prejudice TransData.

These late additions to Defendants' witness lists—both formal and informal— violate Rule 16, especially given that Defendants did not even seek leave of Court to add these witnesses.   And although TransData need not show prejudice where, as here, Defendants have unilaterally ignored the Court's Scheduling Order, *Hershey v. Capital Realty Services, Inc.*, No. 08-cv-10522, 2009 WL 1620445, at *2 (E.D. Mich. June 9, 2009), Defendants' actions prejudice TransData's ability to prepare its case.

*First*, Defendants' untimely witness disclosures require TransData—on exceptionally short notice—to subpoena or depose witnesses whose identities have been improperly withheld.   For example, since May 12, 2014, Defendants have disclosed numerous new people or entities that the parties will have to depose.   TransData is prejudiced by diverting its resources to attend these depositions, and is further prejudiced by its limited ability to prepare effectively for such depositions because Defendants only recently identified these witnesses and their purported knowledge.   Indeed, as it stands now, Defendants are attempting to schedule a deposition nearly every day during the last two weeks of discovery—and in many cases, multiple depositions per day.   This Court's Scheduling Order was designed to avoid stretching the parties' limited resources so thin.

10

*Second*, given the rapidly-approaching end of the already-extended fact discovery period, TransData will have to conduct its own investigation into Defendants' new invalidity defenses and untimely witnesses, diverting TransData's attention from timely completing the discovery that was outstanding when fact discovery was originally extended, as this Court ordered.  (*See* Dkt. No. 385 at 2 (prohibiting additional written discovery).)  The Court's Scheduling Order, which required the parties to exchange witness lists in January—over four months ago—was designed to allow the parties sufficient time to discover information known by the witnesses that would be called at trial.  (*See* Ex. 1, Hr'g Tr. at 10 (Mar. 13, 2014).)  Not only have Defendants prejudiced TransData's ability to diligently and timely investigate Defendants' new witnesses and invalidity defenses, but they have necessarily precluded TransData from identifying additional witnesses to rebut Defendants' new allegations because the witness list deadline has long since passed.

This is not the first time that Defendants are disclosing witnesses late in fact discovery.  When witness lists were first due under the Scheduling Order, Defendants identified numerous new witnesses never before identified on Rule 26 initial disclosures.  That witness dump necessitated a three-month extension of fact discovery just to deal with the new witnesses Defendants identified at the deadline.  Enough is enough; fact discovery must close at some point.  Defendants did not disclose their new witnesses to TransData even though TransData had an outstanding interrogatory requesting the very information Defendants failed to provide.  Defendants' failure to investigate their own

case for years should not now prejudice TransData at this advanced stage of such an important case.

**D.    Striking The Newly-Identified Witnesses Is The Appropriate Remedy.**

Sanctions under Rule 37 should be tailored to the violation that required them. *Royalty Petroleum Co. v. Arkla, Inc.*, 129 F.R.D. 674, 681 (W.D. Okla. 1990) (citing *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395–96 (10th Cir. 1988) and *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1458 (10th Cir. 1988)).  Here, the Court can remedy TransData's prejudice by striking Defendants' newly-identified witnesses and any other new witnesses Defendants seek to add *without seeking leave of the Court*. Accordingly, TransData asks the Court to strike all of Defendants' newly-identified witnesses, including:

1.    Alabama Power Company;

2.    Virgil Ashlock;

3.    William Baxter;

4.    Brooks Stevens, Inc.;

5.    Steve Grady;

6.    Kansas City Power & Light;

7.    San Diego Gas & Electric;

8.    Union Electric /n/k/a Ameren Corporation

9.    William Vogel;

10.    John Wambaugh;

11.    Michael Wiebe, to the extent he intends to offer never-before-disclosed fact testimony; and

      12.    any additional witnesses Defendants may seek to add to their witness lists.

The sanction of exclusion is tied directly to the Defendants' improper conduct and returns the parties to the position they should have been in under this Court's Scheduling Order.

## IV.    THE COURT SHOULD EXPEDITE BRIEFING ON THIS MATTER

Given the rapidly approaching close of fact discovery, TransData asks the Court to expedite briefing on this matter.  Specifically, TransData proposes the following briefing schedule:

| | |
|---|---|
| Defendants' Response: | Within seven calendar days of TransData's motion |
| TransData's Reply: | Within three calendar days of Defendants' Response |

## V.    CONCLUSION

This Court extended discovery to allow the parties additional time to complete the discovery already served and to depose the witnesses already identified.  (Dkt. No. 385, Order of March 27, 2014.)  The Court did not extend discovery to allow Defendants to add new witnesses and new invalidity theories at the eleventh hour.

TransData respectfully requests that this Court strike the new witnesses identified in Defendants' untimely witness lists and correspondence.  TransData also requests that this Court expedite briefing on this Motion.  Finally, TransData requests any further relief that this Court deems just and proper.

Dated: June 12, 2014

Respectfully submitted,


*/s/ Jamie H. McDole*

Thomas E. Kurth (*pro hac vice*)
Phillip B. Philbin (*pro hac vice*)
Jamie H. McDole (*pro hac vice*)
Charles M. Jones II (*pro hac vice*)
Hamilton C. Simpson (*pro hac vice*)
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Tel.: (214) 651-5000
Fax: (214) 651-5940
thomas.kurth@haynesboone.com
phillip.philbin@haynesboone.com
jamie.mcdole@haynesboone.com
charlie.jones@haynesboone.com
hamilton.simpson@haynesboone.com

**Attorneys for Plaintiff TransData, Inc.**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Civil Rule 37.1, I, Jamie H. McDole, counsel for movant TransData, Inc. hereby certify that I have met and conferred with counsel for Defendants in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord. The meet and confer occurred on June 3, 2014 via telephone because the distance between all of counsels' offices renders a personal conference infeasible.

Counsel for TransData is located in Dallas, Texas at Haynes and Boone, LLP, 2323 Victory Avenue, Suite 700, Dallas, Texas 75219.

Counsel for Defendants CenterPoint Energy Houston Electric, LLC, Tri-County Electric Cooperative, Inc., and San Diego Gas & Electric Company is located in Seattle, Washington at Perkins Coie, LLP, 1201 Third Avenue, 40th Floor, Seattle, Washington 98101.

Counsel for Defendant Denton Municipal Electric is located in Menlo Park, California at Kramer Levin Naftalis & Frankel LLP, 990 March Road, Menlo Park, California 94025.

Counsel for Defendants Oncor Electric Delivery Company, Texas-New Mexico Power Company, and Denton County Electric Cooperative, Inc. d/b/a CoServ Electric is located in Atlanta, Georgia at Ballard Spahr LLP, 999 Peachtree Street, NE, Suite 1000, Atlanta, Georgia 30309.

Counsel for Defendant Oklahoma Gas & Electric Company is located in Houston, Texas at Yetter Coleman LLP, 909 Fannin, Suite 3600, Houston, Texas 77010; Newbury Park, California at Yetter Coleman LLP, 700 Via Sedona, Newbury Park, California

91320; and in Austin, Texas at Weisbart Springer Hayes LLP, 212 Lavaca, Suite 200, Austin, Texas 78701.

/s/ Jamie H. McDole
Jamie H. McDole

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Allen Franklin Gardner, allengardner@potterminton.com
Brian Thomas Cartwright, bcartwright@dentonlaw.com
Charley F. Brown, browncf@ballardspahr.com
Christina Jordan McCullough, cmccullough@perkinscoie.com
Christopher Ryan Johnson, cjohnson@yettercoleman.com
David R. Childress, dchildress@whitakerchalk.com
Harry Lee Gillam, Jr., gil@gillamsmithlaw.com
James Hannah, jhannah@kramerlevin.com
John A. Kenney, john.kenney@mcafeetaft.com
John C. Barker, cbarker@yettercoleman.com
Judith B. Jennison, jjennison@perkinscoie.com
Kevin J. Terrazas, kterrazas@wshllp.com
Kristopher B. Kastens, kkastens@kramerlevin.com
Lawrence K. Nodine, nodinel@ballardspahr.com
Lisa Kobialka, lkobialka@kramerlevin.com
Matthew Bernstein, MBernstein@perkinscoie.com
Michael E. Jones, mikejones@potterminton.com
Nathaniel E. Durrance, ndurrance@perkinscoie.com
Paul Andre, pandre@kramerlevin.com
R. Paul Yetter, pyetter@yetterwarden.com
Ramsey M. Al-Salam, ralsalam@perkinscoie.com
Rebecca Elizabeth Heinemann, rebecca@bodoinlaw.com
Richard William Miller, millerrw@ballardspahr.com
Ryan B. Hawkins, rhawkins@perkinscoie.com
Stevan R. Stark, sstark@perkinscoie.com
Thomas M. Morrow, tmorrow@yettercoleman.com
W. Wyatt Maxwell, wmaxwell@perkinscoie.com

*/s/ Jamie H. McDole*
Jamie H. McDole