IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: TRANSDATA, INC. SMART METERS PATENT LITIGATION | Case No. 5:12-ml-02309-C |

**TRANSDATA'S MOTION TO STAY DEPOSITIONS AND EXPEDITE RULING, <u>AND BRIEF IN SUPPORT</u>**

Together with this motion, TransData has filed a Motion to Strike Untimely Witnesses and Expedite Briefing ("Motion to Strike").  In its Motion to Strike, TransData detailed how Defendants have improperly attempted to add numerous previously-undisclosed witnesses to their witness lists.  This Court should strike their newly-disclosed witnesses.  In order to preserve the parties' resources, and prevent substantial harm to it, TransData asks that the Court immediately stay all depositions of Defendants' newly-identified witnesses.

Defendants are actively scheduling depositions of their newly-identified witnesses in an effort to squeeze those depositions in before the close of fact discovery at the end of June.  Indeed, even as TransData worked to finalize its Motion to Strike, Defendants were trying to add new witnesses to their witness lists and new depositions to the calendar.  (Ex. 1, June 12, 2014 Morrow Email to McDole (indicating that Defendants intend to re-depose former defendant Alabama Power).)  Defendants recognize that it is virtually impossible to schedule depositions of the numerous, never-previously disclosed witnesses before the close of discovery at the end of the month.  (Ex. 2, June 12, 2014 Nodine Email to McDole (inquiring about another discovery extension).)  Nonetheless, they appear intent on trying, scheduling depositions nearly every day during the last two weeks of discovery, sometimes more than one deposition per day.

TransData will be substantially prejudiced if Defendants are able to proceed with depositions of their previously-unidentified witnesses.  As an initial matter, TransData will have to spend enormous sums of money just to attend all of these depositions.  For the reasons set forth in TransData's Motion to Strike, Defendants should not be permitted

1

to rely on late-disclosed witnesses. Thus, TransData should not be forced to spend a considerable amount of time and money attending depositions that may very well turn out to be of no use to any party.

Moreover, TransData's attendance at these depositions will divert it from completing discovery that was outstanding when the Court extended fact discovery as a result of the Defendants' previous witness-dump, in March. Further, TransData will have to divert its resources in order to prepare for these depositions, to the extent that reasonable preparation is even possible on such short notice. By diverting TransData's resources with depositions of witnesses upon whom they should not be able to rely, Defendants are impairing TransData's ability to timely complete discovery and prepare for expert reports.

Accordingly, TransData asks the Court to stay depositions of the following individuals or entities, and prevent the Defendants from proceeding with their depositions:

1. Alabama Power Company;
2. Virgil Ashlock;
3. William Baxter;
4. Brooks Stevens, Inc.;
5. Steve Grady;
6. Kansas City Power & Light;
7. San Diego Gas & Electric;
8. Union Electric /n/k/a Ameren Corporation

    9.     William Vogel;

    10.    John Wambaugh;

    11.    Michael Wiebe, to the extent he intends to offer never-before-disclosed fact testimony; and

    12.    any additional witnesses Defendants may seek to add to their witness lists.

This Court extended discovery to allow the parties additional time to complete the discovery already served and to depose the witnesses already identified. (Dkt. No. 385, Order of March 27, 2014.) The Court did not extend discovery to allow Defendants to add new witnesses and new invalidity theories at the eleventh hour. But that is precisely what Defendants are trying to do, as set forth in TransData's Motion to Strike.

TransData requests that this Court stay any depositions of witnesses whose identities have been improperly withheld by Defendants pending the resolution of TransData's Motion to Strike. TransData also requests any further relief that this Court deems just and proper.

*   *   *

4

Dated: June 12, 2014                                Respectfully submitted,


                                                    */s/ Jamie H. McDole*

                                                    Thomas E. Kurth (*pro hac vice*)
                                                    Phillip B. Philbin (*pro hac vice*)
                                                    Jamie H. McDole (*pro hac vice*)
                                                    Charles M. Jones II (*pro hac vice*)
                                                    Hamilton C. Simpson (*pro hac vice*)
                                                    HAYNES AND BOONE, LLP
                                                    2323 Victory Avenue, Suite 700
                                                    Dallas, Texas 75219
                                                    Tel.: (214) 651-5000
                                                    Fax: (214) 651-5940
                                                    thomas.kurth@haynesboone.com
                                                    phillip.philbin@haynesboone.com
                                                    jamie.mcdole@haynesboone.com
                                                    charlie.jones@haynesboone.com
                                                    hamilton.simpson@haynesboone.com

                                                    ***Attorneys for Plaintiff TransData, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Allen Franklin Gardner, allengardner@potterminton.com
Brian Thomas Cartwright, bcartwright@dentonlaw.com
Charley F. Brown, browncf@ballardspahr.com
Christina Jordan McCullough, cmccullough@perkinscoie.com
Christopher Ryan Johnson, cjohnson@yettercoleman.com
David R. Childress, dchildress@whitakerchalk.com
Harry Lee Gillam, Jr., gil@gillamsmithlaw.com
James Hannah, jhannah@kramerlevin.com
John A. Kenney, john.kenney@mcafeetaft.com
John C. Barker, cbarker@yettercoleman.com
Judith B. Jennison, jjennison@perkinscoie.com
Kevin J. Terrazas, kterrazas@wshllp.com
Kristopher B. Kastens, kkastens@kramerlevin.com
Lawrence K. Nodine, nodinel@ballardspahr.com
Lisa Kobialka, lkobialka@kramerlevin.com
Matthew Bernstein, MBernstein@perkinscoie.com
Michael E. Jones, mikejones@potterminton.com
Nathaniel E. Durrance, ndurrance@perkinscoie.com
Paul Andre, pandre@kramerlevin.com
R. Paul Yetter, pyetter@yetterwarden.com
Ramsey M. Al-Salam, ralsalam@perkinscoie.com
Rebecca Elizabeth Heinemann, rebecca@bodoinlaw.com
Richard William Miller, millerrw@ballardspahr.com
Ryan B. Hawkins, rhawkins@perkinscoie.com
Stevan R. Stark, sstark@perkinscoie.com
Thomas M. Morrow, tmorrow@yettercoleman.com
W. Wyatt Maxwell, wmaxwell@perkinscoie.com

*/s/ Jamie H. McDole*
Jamie H. McDole