IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: TRANSDATA, INC. SMART METERS PATENT LITIGATION | Case No. 5:12-ml-02309-C |

**SUPPLEMENTAL BRIEF IN SUPPORT OF TRANSDATA'S MOTION TO
<u>STRIKE UNTIMELY WITNESSES AND EXPEDITE BRIEFING</u>**

Just hours after TransData filed its Motion to Strike Untimely Witnesses and Expedite Briefing (Dkt. No. 416) ("Motion to Strike") and its Motion to Stay Depositions and Expedite Ruling (Dkt. No. 417) ("Motion to Stay"), Defendants identified *even more new witnesses*. Defendants' moving target witness lists—served without leave of Court—not only violate this Court's Scheduling Order, but also significantly prejudice TransData. TransData asked this Court to strike Defendants' newly-identified witnesses because it is improper and prejudicial for Defendants to unilaterally ignore the Court's Scheduling Order. TransData will have to spend thousands upon thousands of dollars to attend and (to the limited extent possible) prepare for these depositions. But, because Defendants should not be permitted to rely upon the newly-identified witnesses, all that time and money is bound to be wasted. Accordingly, TransData asks this Court to immediately stay all depositions of the newly-identified witnesses pending the resolution of TransData's Motion to Strike.

The relief TransData seeks in its Motion to Strike and Motion to Stay is all the more necessary given Defendants' continued behavior. On June 13, 2014 at 7:30 am CDT—*less than ten hours* after TransData filed its Motion to Strike—Defendant Oklahoma Gas & Electric Co. ("OG&E") served its **Thirteenth** Amended Trial Witness List. (Ex. 1, June 13, 2014 Wofford Email to Counsel; Ex. 2, OG&E's 13th Am. Witness List.) In this latest iteration of its witness list, OG&E added Larsh Johnson, *another* never-before-identified witness, to its witness list. (Ex. 2, OG&E's 13th Am. Witness List at 13.) It also identified Ralph Abbott, a witness that it had previously removed from its witness list in February 2014. (*Id.* at 10.) Then, upon seeing a draft of this

1

supplemental brief, OG&E recanted, indicating that it would remove Mr. Johnson from its witness list.  (Ex. 3, Johnson Email to Karson.)  Defendants' failure to maintain consistent witness lists is as much of a problem as their myriad "amended" and "supplemental" witness lists adding new witnesses.  This moving target for discovery with barely more than two weeks left in discovery is not reasonable and not permitted under the Federal Rules of Civil Procedure and this Court's Scheduling Order.

OG&E's newest witness list also added a corporate representative of Alabama Power on its Thirteenth Amended Trial Witness List with anticipated testimony regarding "the history of the electric meter industry, including technologies and solutions available from the 1990s and pilots or tests conducted by Alabama Power or its affiliates."  (*Id.* at 13.)  Notably, although TransData has asked OG&E to identify the topics it will include in its Rule 30(b)(6) subpoena to Alabama Power, OG&E has not done so.  (*See, e.g.*, Ex. 4, June 12, 2014 McDole Email to Morrow; Ex. 5, June 13, 2014 McDole Email to Morrow.)  In any event, as explained in TransData's Motion to Strike, no Defendant has ever named Alabama Power as a potential trial witness.  (Dkt. No. 416 at 6.)  Accordingly, adding Alabama Power as a witness at this late stage is improper.

Moreover, before Alabama Power settled with TransData, the parties deposed three Alabama Power employees in their personal capacities: Scott Bell, Reginald Murchison, and Derl Rhoades.  Alabama Power had previously indicated that Messrs. Bell, Murchison, and Rhoades were knowledgeable of, among other topics, the wireless electric meters utilized by Alabama Power, the benefits and costs of automated meter reading, alleged prior art meters, regulatory issues, and the capabilities of various

electric meters.  (Ex. 6, Al. Power's Suppl. Initial Disclosures at 2.)  Indeed, TransData had noticed Alabama Power's Rule 30(b)(6) deposition and expected that one or more of Messrs. Bell, Murchison, and Rhoades would be Alabama Power's designee.  After all, Mr. Rhoades already testified that there is no one more knowledgeable at Alabama Power than he regarding Alabama Power's electric meters.  When Alabama Power settled with TransData, that corporate deposition became moot and the notice was withdrawn.  Thus, while Alabama Power employees have been deposed—including those with the most knowledge regarding at least some of the anticipated areas of testimony identified in OG&E's latest witness list—Alabama Power has not been deposed in its corporate capacity pursuant to Federal Rule of Civil Procedure 30(b)(6).

Defendants' games with their witness lists are causing TransData severe prejudice.  For example, TransData has been forced to prepare for and attend a deposition of Steve Grady, held on June 13, 2014.  Mr. Grady's deposition proceeded even though it is not clear to TransData that Defendants and third-parties have produced all information relating to Defendants' new invalidity defense which, of course, is the subject of Mr. Grady's testimony.  Because Mr. Grady was not timely identified by any Defendant, no Defendant should be able to rely upon his testimony at trial.  But TransData has already spent great sums of money to send representatives to Mr. Grady's deposition on short notice.

Moreover, Defendants' additions and subtractions of new witnesses indicates that Defendants are simply cherry-picking witnesses that they believe will help their case, while avoiding those that likely will not.  Due to Defendants' late disclosures, TransData

3

has no opportunity to investigate these witnesses, and others, with respect to Defendants' brand new invalidity defense. TransData will continue to be prejudiced unless and until the Court strikes Defendants' untimely witnesses and/or stays all depositions of these witnesses.

TransData respectfully requests that this Court grant its Motion to Strike and its Motion to Stay.

Dated: June 13, 2014                                Respectfully submitted,


                                                    /s/ Jamie H. McDole

                                                    Thomas E. Kurth (*pro hac vice*)
                                                    Phillip B. Philbin (*pro hac vice*)
                                                    Jamie H. McDole (*pro hac vice*)
                                                    Charles M. Jones II (*pro hac vice*)
                                                    Hamilton C. Simpson (*pro hac vice*)
                                                    HAYNES AND BOONE, LLP
                                                    2323 Victory Avenue, Suite 700
                                                    Dallas, Texas 75219
                                                    Tel.: (214) 651-5000
                                                    Fax: (214) 651-5940
                                                    thomas.kurth@haynesboone.com
                                                    phillip.philbin@haynesboone.com
                                                    jamie.mcdole@haynesboone.com
                                                    charlie.jones@haynesboone.com
                                                    hamilton.simpson@haynesboone.com

                                                    ***Attorneys for Plaintiff TransData, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Allen Franklin Gardner, allengardner@potterminton.com
Brian Thomas Cartwright, bcartwright@dentonlaw.com
Charley F. Brown, browncf@ballardspahr.com
Christina Jordan McCullough, cmccullough@perkinscoie.com
Christopher Ryan Johnson, cjohnson@yettercoleman.com
David R. Childress, dchildress@whitakerchalk.com
Harry Lee Gillam, Jr., gil@gillamsmithlaw.com
James Hannah, jhannah@kramerlevin.com
John A. Kenney, john.kenney@mcafeetaft.com
John C. Barker, cbarker@yettercoleman.com
Judith B. Jennison, jjennison@perkinscoie.com
Kevin J. Terrazas, kterrazas@wshllp.com
Kristopher B. Kastens, kkastens@kramerlevin.com
Lawrence K. Nodine, nodinel@ballardspahr.com
Lisa Kobialka, lkobialka@kramerlevin.com
Matthew Bernstein, MBernstein@perkinscoie.com
Michael E. Jones, mikejones@potterminton.com
Nathaniel E. Durrance, ndurrance@perkinscoie.com
Paul Andre, pandre@kramerlevin.com
R. Paul Yetter, pyetter@yetterwarden.com
Ramsey M. Al-Salam, ralsalam@perkinscoie.com
Rebecca Elizabeth Heinemann, rebecca@bodoinlaw.com
Richard William Miller, millerrw@ballardspahr.com
Ryan B. Hawkins, rhawkins@perkinscoie.com
Stevan R. Stark, sstark@perkinscoie.com
Thomas M. Morrow, tmorrow@yettercoleman.com
W. Wyatt Maxwell, wmaxwell@perkinscoie.com

*/s/ Jamie H. McDole*
Jamie H. McDole