IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE: TRANSDATA, INC. SMART        )
METERS PATENT LITIGATION,            )   Case Number 12-ml-2309-C

**MEMORANDUM OPINION AND ORDER**

Defendant Oncor Electric Delivery Company, LLC ("Oncor") filed a Motion for Partial Summary Judgment (Dkt. No. 517), arguing that Plaintiff cannot recover damages from it based upon Plaintiff's failure to mark its devices with the '699 patent. According to Oncor, Plaintiff has admitted that it cannot recover damages from it for any period prior to October 21, 2010. Oncor bases this argument on three reasons: first, Plaintiff asserts only the '699 patent against it; second, Plaintiff failed to properly mark the existence of the patent on devices it sold, and as a result until Plaintiff filed suit against Oncor, Oncor could not have had knowledge that its meters could infringe the '699 patent; and third, all the allegedly infringing meters used by Oncor were purchased before it had notice of Plaintiff's claims.

In response, Plaintiff does not dispute the fact that it failed to properly mark the patent on certain meters. It also agrees that Oncor received actual notice of the infringement claims on the day suit was filed. Plaintiff argues that because of this fact, it has limited its damages calculation to only infringement following this notice. Plaintiff argues this is proper because Oncor's continuing infringement after notice entitles Plaintiff to recover damages. According to Plaintiff, 35 U.S.C. § 287(a) allows it to recover damages from Oncor if Oncor was "notified of the infringement and continued to infringe thereafter."

The Court finds Defendant Oncor is entitled to judgment on Plaintiff's claims. Plaintiff's argument that it may recover damages based on Oncor's continued infringement is contrary to the determination of the Federal Circuit in Fonar Corp. v. General Electric Co., 107 F.3d 1543 (Fed. Cir. 1997). In Fonar, the Federal Circuit determined that where there was a failure to mark in compliance with 35 U.S.C. § 287(a) "there is no liability . . . [because] the original purchaser had a right to repair and service." Fonar, 107 F.3d at 1554.

Plaintiff argues that Defendant stretches Fonar too far, because that case dealt only with whether or not a subsequent repair of a product could lead to patent infringement. According to Plaintiff, it seeks recovery for Oncor's direct infringement by repeated and knowing use of infringing electric meters for each day after TransData filed suit. Plaintiff argues that because the plaintiff in Fonar was actually a repairer of the product, the case is distinguishable from the present one, where Oncor is a user.

Plaintiff's argument is refuted by the Federal Circuit's explanation of the basis for its holding in Fonar in the case of e-Plus, Inc. v. Lawson Software, Inc., 700 F.3d 509 (Fed. Cir. 2012). There, the Federal Circuit noted that its holding Fonar and earlier cases was "based on the fact that the sale was authorized and free of liability." Id. at 522. That is, the circuit noted that the sale of allegedly infringing products without notice could not provide a basis for liability because that sale was in essence an authorized sale. A district court in the Southern District of Texas agreed with this rationale in Tesco Corp. v. Weatherford International, Inc., 722 F.Supp.2d 755 (S.D. Tex. 2010), recognizing that infringing sales of

accused products made prior to the satisfaction of the notice requirements of § 287(a) cannot serve as a subject of any damage recovery. Id. at 770.

As these cases make clear, whether the alleged infringer is a seller or user of the products is immaterial to the fact that liability cannot attach to the sale of products prior to notice of the infringement. Plaintiff offers no contrary authority to support its argument that a continued use of the allegedly infringing device is sufficient. As noted above, the Federal Circuit has recognized that a sale prior to notice of infringement cannot carry liability because it, in effect, is an authorized or permissive sale. While Plaintiff may be entitled to an injunction prohibiting any future use, it is not entitled to damages for the meters sold prior to Plaintiff's filing of the lawsuit.

Not willing to concede the issue, Plaintiff argues that questions remain regarding when the Oncor meters were "sold." This issue requires resolution of what constitutes sale in the patent context. It is clear that an agreement for sale of all the Oncor meters existed prior to notice of Plaintiff's claims.[*] The dispute is whether physical delivery of goods is required for a sale under 35 U.S.C. § 271 or whether or not a finalized contract is sufficient. Oncor argues that the Federal Circuit in Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc., 617 F.3d 1296 (Fed. Cir. 2010), answers the question. There, the Federal Circuit stated, "[O]ur precedent establishes that a contract can constitute a sale to trigger infringement liability." Id. at 1311. Plaintiff argues that Transocean does not stand

---

[*] Because the Court finds the agreement to sell is sufficient, it is unnecessary to address the timing of the physical delivery of the meters.

3

for the concept of when a sale occurs, but rather where the infringement occurred. The Court finds the case clearly answers both issues. Beginning on page 1309, the Transocean Court addressed the geographic location of the sale. Finally concluding "a contract between two U.S. companies for performance in the U.S. may constitute an offer to sell within the U.S. under § 271(a)." Id. at 1310. The Federal Circuit then proceeded to discuss what constituted a sale under § 271. Setting forth the holding quoted above and further holding that: "A 'sale' is not limited to the transfer of tangible property; a sale may also be the agreement by which such a transfer takes place." Id. (citing NTP, Inc. v. Research in Motion, Ltd., 418 F.3d 1282, 1319 (Fed. Cir. 2005) (abrogated on other grounds by Zoltek Corp v. United States, 672 F.3d 1309, 1323 (Fed. Cir. 2012))). Thus, the law is clear that under § 271 a "sale" can be sufficient to constitute a transfer even if physical delivery of the product occurs at a later date.

Undaunted, TransData argues that because the contract's early termination clause was unenforceable, the contract cannot be said to be a finalized deal. This argument is likewise unavailing. Whether or not the early termination agreement could have been enforced under Texas law is immaterial. The determinative question is whether or not a contract had been entered into for the sale of the meters prior to the actual notice. See Honeywell Int'l, Inc. v. Hamilton Sunstrand Corp., 523 F.3d 1304, 1310 (Fed. Cir. 2008). Because a binding contract existed prior to the time of Plaintiff's notice of infringement, the Court finds that there can be no damages awarded for the meters included within that contract.

4

Finally, to the extent Plaintiff argues that evidence relied upon by Defendant in support of its Motion is inadmissible, the Court disagrees. For the reasons set forth in Oncor's Reply, sufficient foundation and authentication has been provided to satisfy the admissibility standards at this stage of the proceedings.

For the reasons set forth herein, Oncor's Motion for Partial Summary Judgment of No Damages Due to TransData's Failure to mark the '699 Patent (Dkt. No. 517) is GRANTED.

IT IS SO ORDERED this 28th day of August, 2015.

ROBIN J. CAUTHRON
United States District Judge