IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE: TRANSDATA, INC. SMART ) 
METERS PATENT LITIGATION, ) Case Number 12-ml-2309-C

**MEMORANDUM OPINION AND ORDER**

Plaintiff has filed a motion to exclude the expert testimony of Richard T. Mihran (Dkt. No. 520), arguing that he is not qualified to offer expert testimony or alternatively that specific paragraphs in his expert reports should be excluded, as they improperly rely on hearsay or apply an invalidity analysis that is untimely, conclusory, and based on a mock-up device that he has conceded is not prior art. In response, Defendants argue that Dr. Mihran is qualified to offer testimony and that the reliance on hearsay is appropriate under the Federal Rules of Evidence and that his reliance on the mock-up device was proper.

Plaintiff argues that Dr. Mihran is not a proper expert because his expertise is bio-medical engineering. In response, Defendants argue that the central issue of the patents in suit is wireless technology, and Dr. Mihran has substantial experience on that topic. Additionally, Defendants argue Dr. Mihran has a substantial amount of experience in electric metering, even if that metering did not occur in the context of utility metering.

To qualify as an expert, the witness must possess "'such skill, experience or knowledge in that particular field as to make it appear that his opinion would rest on substantial foundation and would tend to aid the trier of fact in his search for truth.'" LifeWise Master Funding v. Telebank, 374 F.3d 917, 928 (10th Cir. 2004) (quoting Graham v. Wyeth Labs., 906 F.2d 1399, 1408 (10th Cir. 1990)). After reviewing Dr. Mihran's qualifications and considering the nature of the testimony necessary here, the Court finds that

Dr. Mihran has demonstrated that he has the requisite education, training, and/or experience to assist the jury in determining the facts in this case. See Conroy v. Vilsack, 707 F.3d 1163, 1168 (10th Cir. 2013).

The second prerequisite for expert testimony is whether or not the expert testimony is reliable and relevant; that is, that it is based upon information which gives it some indicia of reliability such that it will assist the trier of fact. Conroy, 707 F.3d at 1168. On this point, Plaintiff raises objections to the specific paragraphs in Dr. Mihran's expert report. After consideration of those paragraphs, the Court finds it unnecessary to resolve the parties' disputes. The paragraphs challenged by Plaintiff relate to evidence that the Court has excluded in previous Orders in this matter.

Turning to the specific paragraphs challenged by Plaintiff's Motion: Appendix A, Exhibit 1, ¶ 117 is moot because the Court has held that Plaintiff may not offer evidence regarding the GE I-210+c meters. As for the remaining paragraphs of Appendix A, Exhibit 1, ¶¶ 125, 133-34, 136, 140-41, 145-49, 156, & 158-61, it is unclear whether any of the testimony remains relevant in light of the Court's rulings. To the extent Defendants can demonstrate the testimony remains relevant, Dr. Mihran's testimony is of the type relied upon by experts in the field, and therefore permissible. To the extent Plaintiff believes that the underlying opinions or premises for Dr. Mihran's testimony is false, it may bring those challenges through cross-examination.

As for Exhibit 12, ¶¶ 407, 418, and Exhibit 14, ¶ 15, the Court finds no ruling is necessary, as Dr. Mihran's testimony on this issue lacks relevance because the Court has held no evidence regarding the ABB/CellNet meter will be admitted.

All the paragraphs challenged by Plaintiff in Appendix B purport to compare various devices with the ABB/CellNet mock-up. Because the parties have not had the benefit of the Court's ruling on the ABB/CellNet meter, neither party addresses to what extent Dr. Mihran's comparison of the other devices as infringing based upon his comparison to the ABB/CellNet meter would still apply. Thus, the Court cannot make a definitive ruling on the challenges to these paragraphs; however, at this stage it appears the challenged paragraphs lack relevance in light of the Court's ruling on the ABB/CellNet meter.

For the reasons set forth herein, TransData's Motion to Exclude Expert Testimony of Richard T. Mihran (Dkt. No. 520) is GRANTED IN PART and DENIED IN PART. To the extent Plaintiff challenges Dr. Mihran's qualifications, that portion of the Motion is denied. To the extent Plaintiff challenges specific paragraphs of Dr. Mihran's report, its Motion is granted as the challenged paragraphs are moot in light of the Court's earlier rulings.

IT IS SO ORDERED this 28th day of August, 2015.

ROBIN J. CAUTHRON
United States District Judge