IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE: TRANSDATA, INC. SMART     )
METERS PATENT LITIGATION,         )     Case Number 12-ml-2309-C

## MEMORANDUM OPINION AND ORDER

The parties have filed motions in limine to exclude their opponent's damages expert, either in part or completely. Plaintiff seeks to exclude the expert testimony of Vincent A. Thomas, while Defendants seek to exclude the testimony of Gregory Sidak. Because the resolution of both motions follows the same law and logic, the Court will address them in one Order.

Each party's expert bases his calculation of damages on the factors outlined in Georgia-Pacific Corp. v. United States Plywood Corp., 318 F.Supp. 1116 (S.D.N.Y. 1970). That case sets out 12 factors to be evaluated in determining what a reasonable amount of damages should be based upon lost royalties. In their motions to exclude, each party takes issue with the manner in which their opponent's expert applies these factors, with each party essentially arguing that the expert relies upon improper evidence in reaching his conclusion.

After considering the parties' arguments and the evidence on which they rely, the Court finds that neither party is entitled to prevent the testimony of the other's expert. Rather, each of the challenges raised by the parties goes more to the weight to be given the expert's testimony that it does his methodology or the process by which he reaches his conclusion. The Federal Circuit has quite clearly outlined the limitations on exclusions of expert testimony, noting that disputes about the conclusions of a qualified expert using reliable methods are for the jury to resolve. Virnetx, Inc. v. Cisco Sys., Inc., 767 F.3d 1308,

1328 (Fed. Cir. 2014) ("[Q]uestions regarding which facts are most relevant for calculating a reasonable royalty are properly left to the jury . . . .)," and i4i Ltd. P'ship v. Microsoft Corp., 598 F.3d 831, 856 (Fed. Cir. 2010) ("[I]t is not the district court's role under *Daubert* to evaluate the correctness of facts underlying an expert's testimony.").

Here, the methodology employed by the experts is sound and proper in their field of expertise. The issues raised by the parties in their challenges to their opponent's expert go more to the weight to be given to each expert's conclusion and the manner in which the expert weighed one Georgia-Pacific factor over another. These issues are more properly addressed through "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 596 (1993).

For the reasons set forth herein, Defendants' Motion to Exclude Testimony of TransData's Damages Expert Gregory Sidak (Dkt. No. 543) is DENIED, and TransData's Motion to Exclude Expert Testimony of Vincent A. Thomas (Dkt. No. 544) is DENIED.

IT IS SO ORDERED this 28th day of August, 2015.

ROBIN J. CAUTHRON
United States District Judge