IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE: TRANSDATA, INC. SMART      )
METERS PATENT LITIGATION,          )   Case Number 12-ml-2309-C

# MEMORANDUM OPINION AND ORDER

Defendants CenterPoint Energy Houston Electric, LLC and San Diego Gas & Electric Company ("SDGE") filed a Motion for Summary Judgment of Noninfringement of U.S. Patent No. 6,181,294 and U.S. Patent No. 6,462,713 (Dkt. No. 514). Defendants CenterPoint and SDGE argue that their devices CPE 3, CPE 4, and CPE 5, and SDGE 3 do not infringe the '294 patent claims because (1) they do not have multiple elements that are adapted to transmit and receive electromagnetic radiation and/or (2) they do not have a balanced antenna. These Defendants argue that the CPE 3, CPE 4, and SDGE 3 meters do not infringe the '294 patent claims because they do not have antenna elements proximate to electric meter circuitry, and finally that the CPE 1, CPE 2, CPE 3, CPE 4, and SDGE 3 meters do not infringe the '713 patent because they do not have an antenna element proximate to the circuit board rack. Plaintiff objects to Defendants' Motion, arguing that there are questions of fact remaining and that, as for the antenna element issue, Defendants are attempting to revisit a claim construction ruling the Court has previously made.

Defendants CenterPoint and SDGE argue the '294 patent requires an antenna with multiple elements adapted to transmit and receive electromagnetic radiation. Defendants argue that a person of ordinary skill in the art would understand the phrase "antenna elements that are adapted to transmit and receive electromagnetic radiation" refers to a type of antenna that has multiple elements that each transmits and receives electromagnetic radiation, such

as a dipole antenna. They then argue that because their meters have only a monopole antenna they cannot infringe on the '294 patent.

The flaw in Defendants' argument is that the Court has previously rejected their proposed construction of the claim terms. In an earlier order construing the claim terms, Defendants had argued that antenna should require two or more conductors of the antenna used for receiving or transmitting electromagnetic radiation. See Dkt. No. 241, pp. 18-20. The Court rejected that construction, arguing it injected terms and limitations into the patents that did not otherwise exist. (Dkt. No. 254.) Rather, the Court found that a plain and ordinary meaning of the term antenna elements should be applied. Id. Ignoring this ruling, Defendants CenterPoint and SDGE in their present Motion seek to again impose a requirement that the antenna contain two elements. However, they offer no evidence or argument that the Court did not previously consider and reject. In reaching its earlier decision, the Court recognized that the patent provides that a dipole antenna is an option; it is not required. Thus, contrary to Defendants CenterPoint and SDGE's current argument, a monopole antenna is within the scope of the '294 patent. Because Defendants' arguments on summary judgment attempt to inject claims into the patent which do not exist or attempt to construe patent terms in an improper manner, they cannot serve as the basis for summary judgment.

Defendants CenterPoint and SDGE argue that they are entitled to judgment because the antenna in their meters have a single element and a ground plane so they do not require a balanced antenna. Plaintiff argues that Defendants' position ignores the Court's

construction order, as the Court only construed a balanced circuit and did not require a balanced antenna. In Reply, Defendants CenterPoint and SDGE agree the Court never ruled that a balanced circuit requires a balanced antenna. Rather, Defendants argue, the limitations of the patent itself require the balanced circuit to balance the antenna. However, as Plaintiff notes in its response brief, Defendants' position on this issue would render claim 22 of the patent superfluous. Claim 22 demonstrates that the balanced circuit does not change the antenna signal, but rather balances the impedance of the output port. Under the doctrine of claim differentiation, if construction of a term of an independent claim would make a dependent claim superfluous, it is heavily disfavored. Acumed LLC v. Stryker Corp., 483 F.3d 800, 806 (Fed. Cir. 2007). In light of this, it would be improper to construe the terms in the manner suggested by Defendants. Accordingly, Defendants are not entitled to summary judgment on this issue.

The remainder of Defendants' arguments hinge on application of the term "proximate." The parties argue about how close things must be to fall within the scope of "proximate." The Court finds that the term "proximate" is a term of degree. As a result, it is up to the Court to determine whether the patent specification provides some standard for measuring that degree. See Seattle Box Co., Inc. v. Indus. Crating & Packing, Inc., 731 F.2d 818, 826 (Fed. Cir. 1984) ("When a word of degree is used the district court must determine whether the patent's specification provides some standard for measuring that degree."). After review of the patents, it is clear that there is no standard by which the degree should be measured. Thus, it would be error for the Court to impose some exact construction on

"proximate." See Playtex Prods., Inc. v. Procter & Gamble Co., 400 F.3d 901, 907 (Fed. Cir. 2005).  Rather, the Court finds that a determination of how close is necessary to meet the term "proximate" is a question for determination by the jury.  Accordingly, Defendants are not entitled to summary judgment on their arguments related to the term "proximate."

For the reasons set forth herein, Defendants CenterPoint's and San Diego Gas & Electric's Motion for Summary Judgment of Noninfringement of U.S. Patent No. 6,181,294 and U.S. Patent No. 6,462,713 (Dkt. No. 514) is DENIED.

IT IS SO ORDERED this 28th day of August, 2015.

ROBIN J. CAUTHRON
United States District Judge