IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE: TRANSDATA, INC. SMART       )
METERS PATENT LITIGATION,          )   Case Number 12-ml-2309-C

## MEMORANDUM OPINION AND ORDER

Defendants seek summary judgment on Plaintiff's claims, arguing the patent claims are invalid and that any alleged infringement is non-willful as a matter of law (Dkt. No. 522). In support of their argument of invalidity, Defendants argue the "Bush" patent and the sale and deployment of internal antennas in ABB Alpha solid state meters with CellNet communications ("CellNet meters") were prior art. Defendants raise two invalidity defenses – obviousness and/or anticipation. According to Defendants, theses earlier meters provide proof for both defenses. Plaintiff rejects these arguments, arguing that at a minimum questions of fact remain regarding whether or not the Bush and/or CellNet meters either anticipated its invention or rendered it obvious.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson

v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e).  These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324.  Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits.  Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court."  Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998).  All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  Patent cases apply some additional guidelines to these general standards governing summary judgment.

Because patents are presumed valid, pursuant to 35 U.S.C. § 282, Defendants have the burden of showing by clear and convincing evidence proof of invalidity.  Invitrogen Corp. v. Biocrest Mfg., L.P., 424 F.3d 1374, 1378 (Fed. Cir. 2005).  Thus, Defendants must "submit such clear and convincing evidence of invalidity so that no reasonable jury could find otherwise."  Eli Lilly & Co. v. Barr Labs., Inc., 251 F.3d 955, 962 (Fed. Cir. 2001).

**ANALYSIS**

**1. Enabled**

Before addressing the issues of anticipation or obviousness, the Court must first consider Plaintiff's argument that Bush was not enabled and therefore cannot serve as prior art. To satisfy the enablement requirement, the specification must set forth the "manner and process of making and using [the invention], in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same." 35 U.S.C. § 112(a). Enablement is determined as of the effective filing date of the patent. Plant Genetic Sys., N.V. v. DeKalb Genetics Corp., 315 F.3d 1335, 1339 (Fed. Cir. 2003). Accordingly, after-arising technology should not be considered in the enablement inquiry. Finally, enablement is a question of law based on underlying findings of fact. See In re Vaeck, 947 F.2d 488, 495 (Fed. Cir. 1991).

Questions remain about whether or not the Bush device was enabled. Bush, in several instances, noted that certain components had yet to be located or did not exist. While it is possible that some experimentation would be necessary to complete the invention, the question is whether or not the amount of experimentation is undue. The Court recognizes that the invention does not have to be created or have actually performed. See Bristol-Myers Squibb Co. v. Ben Venue Labs., Inc., 246 F.3d 1368, 1379 (Fed. Cir. 2001). However, it must be capable of being completed by one reasonably skilled in the art. Here, Defendants offer no evidence demonstrating the amount of additional experimentation or work necessary to render the Bush patent enabled. While Defendants argue in their Reply brief that the

amount of experimentation would be minimal, they offer no evidence to support that conclusory statement. Further, the Court finds that rather than offering reference to potential improvements or costs savings, as argued by Defendants, the areas needing additional work represented things necessary for Bush to operate in a manner that would render it as prior art. At best, questions of fact on the underlying issues remain which prevent the Court from reaching the legal conclusion of whether or not Bush was enabled.

**2. Anticipation**

A patent claim is invalid as anticipated if "the invention was . . . in public use or on sale in this country" more than one year before the patent's filing date. 35 U.S.C. § 102(b) (2011). Before an invention is anticipated, the prior art must disclose and enable each and every claim of the invention, either explicitly or inherently. In re Gleave, 560 F.3d 1331, 1334 (Fed. Cir. 2009).

As Defendants note, all three of Plaintiff's patents are very similar. For purposes of the anticipation defense, the challenges Defendants raise to the '699 patent also apply to the '713 and '294 patents. Defendants argue that Bush has all of the necessary elements.

Plaintiff argues there are a number of distinctions in Bush that prevent it from anticipating Plaintiff's meter. First, Plaintiff argues that Defendants have not demonstrated that Bush discloses an electric meter chassis protruding from a dielectric housing. Each claim of the three patents prosecuted by TransData requires an electric meter chassis having a dielectric housing protruding therefrom. However, nowhere in Defendants' brief do they address this particular claim. In their Reply, Defendants argue that Bush discloses a chassis

4

that has a base housing and a cylindrical dielectric housing over it. While Defendants' interpretation of Bush is certainly one plausible explanation, it is not the sole explanation. Defendants' invalidity contentions note that the meter housing is not illustrated in any of the figures from Bush. Further, as Plaintiff notes, several of the illustrations included in Bush place that device in circumstances where a dielectric housing may not normally be found. Given these disputes, the Court finds Defendants have failed to demonstrate that a reasonable jury would be compelled to find that they had shown by clear and convincing evidence that the Bush patent disclosed a chassis with a dielectric housing protruding therefrom. Thus, Defendants are not entitled to summary judgment on this issue.

Plaintiff also argues that Bush does not disclose an internal antenna. Defendants argue that Bush clearly discloses an antenna coupled to the communication circuit and that the antenna is within the Demand Relay Meter ("DRM"). Consequently, it is within the meter cover. However, again, the diagrams demonstrating suggested uses of Bush do not support Defendants' arguments. Further, the claims in Bush make clear that no specific antenna design or location had been determined at the time the Bush patent was filed. Rather, the claims note that a loop antenna was one possibility, and that including the antenna within the housing was preferred. Bush did not make a final determination as to either factor. Thus, Defendants have failed to establish that a reasonable jury would be compelled to find clear and convincing evidence that Bush included an internal antenna.

Plaintiff argues that Bush does not disclose a balance circuit and, in fact, actually teaches away from one. While the teaching of Bush suggests using narrow band frequencies

5

to simplify impedance matching, there is no evidence of a balance circuit set forth in Bush's claims. Defendants' arguments that the disclosure of a certain chip provides the necessary proof fail, as that disclosure does not satisfy the clear and convincing evidence standard.

Because questions of fact exist on whether Bush discloses and enables, either explicitly or inherently, each and every claim of the three patents at issue, Defendants' Motion for Summary Judgment will be denied on this issue.

**3.     Obviousness**

Defendants argue that Bush rendered Plaintiff's invention obvious. A patent claim is invalid "if the differences between the [claimed] subject matter . . . and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C §103(a) (2011). Obviousness is a question of law based on a consideration of factual issues, such as (1) the scope and content of the prior art; (2) differences between the prior art and the claims being challenged; (3) the level of ordinary skill in the art; and (4) so-called secondary considerations of non-obviousness. DyStar Textilfarben GmbH & Co. Deutschland KG v. C.H. Patrick Co., 464 F.3d 1356, 1360 (Fed. Cir. 2006) (citing Graham v. John Deere Co., 383 U.S. 1, 17 (1966)). Factual disputes on these Graham factors are not fatal to a claim of obviousness. Rather, the Court can assume that Plaintiff's position about the factors is correct, draw the inference most favorable to Plaintiff in light of these assumed facts, and then evaluate the claim of obviousness under those facts. See Rockwell Int'l Corp. v. United States, 147 F.3d 1358, 1362 (Fed. Cir. 1998).

Considering the first factor, questions of fact regarding the scope and content of the prior art remain. As noted above, there are questions of fact remaining about whether or not the prior art reference of Bush does in fact disclose all the claims necessary for the TransData patents. Accepting Plaintiff's well-supported facts as true, this evidence weighs against obviousness.

The second factor examines the disclosures made by Bush and how they relate to the asserted claims of TransData. Again, questions of fact remain on this factor. Defendants argue that any differences are trivial and would have been obvious for one reasonably skilled in the art to try alternatives. However, when viewed in the light most favorable to Plaintiff, a number of the distinctions between Bush and Plaintiff's patents are, in fact, material. Thus, it would be improper to grant Defendants summary judgment, as a reasonable jury could find against Defendants on those items. This factor also weighs in favor of denying summary judgment.

As for the third factor, the level of skill in the art, the differences between the parties are immaterial and do not weigh in favor of either party.

Finally, Defendants argue that Plaintiff cannot show a nexus between alleged commercial success and the claimed invention. However, Plaintiff has come forward with evidence demonstrating that it had commercial success with its invented meter. When viewed in the light most favorable to Plaintiff, the evidence would demonstrate Plaintiff had commercial success with its meter. Thus, this factor also weighs in favor of denying Defendants' Motion for Summary Judgment.

7

After considering the factors on obviousness and the disputes of material fact existing therein, the Court finds Defendants' request for summary judgment of invalidity on the question of obviousness should be denied.

**4.     ABB/CellNet Device**

Defendants argue that a device referred to as the ABB/CellNet meter either alone or in conjunction with the Bush invention anticipated or rendered obvious Plaintiff's meter. By separate Order the Court has granted Plaintiff summary judgment on the issue of whether the ABB/CellNet device would support a finding of invalidity. As a result of that ruling, no further analysis of the ABB/CellNet device is warranted here.

**5.     Willfulness**

Defendants seek summary judgment on Plaintiff's claims of willfulness. "[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." In re Seagate Tech. LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). The Federal Circuit in Seagate further stated that "when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement. A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct." Id. at 1374 (internal citation omitted). While there is not a per se rule requiring a patentee to seek preliminary injunctive relief before obtaining willfulness-enhanced

8

damages, Defendants argue that willfulness should not be found where an infringer raises a substantial question as to the obviousness of the asserted patent. Plaintiff argues that the Court should withhold a ruling at this stage until the jury makes a determination about the underlying facts relevant to the defenses raised by Defendants, namely the questions of anticipation or obviousness. The Court finds delay is not warranted as Plaintiff cannot satisfy its burden of establishing by clear and convincing evidence that Defendants' actions were objectively reckless.

The defenses set forth herein, as well as the other arguments raised by the parties in this round of briefing, make clear that Defendants had an objectively reasonable basis for believing that Plaintiff's patents were invalid. While ultimately the jury may determine otherwise, the Court finds that Plaintiff cannot demonstrate by clear and convincing evidence that Defendants acted despite an objectively high likelihood their actions constituted infringement of a valid patent. Therefore, Defendants' request for summary judgment on the issue of willfulness will be granted.

**6.     Equitable Estoppel**

Defendants request the Court equitably estop Plaintiff from seeking damages for any infringement prior to the issuance of the reexamination certificate. Defendants argue that at that time Plaintiff modified its position by making an express disclaimer which narrowed electric meter circuitry to digital meters. Indeed the Court found in two prior Orders that Plaintiff has, in fact, made this disclaimer or disavowal. Defendants argue that Plaintiff's action during the reexamination gives rise to a claim of intervening rights. In support of their

position, Defendants rely on Marine Polymer Techs., Inc. v. HemCon, Inc., 672 F.3d 1350, 1365 (Fed. Cir. 2012) (en banc), where the Federal Circuit ruled that 35 U.S.C. § 307 required that claims be "new or amended" during reexamination before a defendant could assert intervening rights. However, as Defendants recognize, Plaintiff's disavowal or disclaimer does not create a new or amended claim. Id. at 1365. Thus, Defendants recognize that Marine Polymer serves as a barrier to granting intervening rights under § 307. However, the Defendants argue the Court may rely on its equitable power which was based on doctrines developed in cases that preceded the adoption of the intervening rights statute. Defendants argue the equitable power doctrine allows a more flexible basis of granting intervening rights and provides an alternative to the determinations in Marine Polymer.

In order to establish equitable estoppel, Defendants must establish three elements:

a. The patentee, through misleading conduct, leads the alleged infringer to reasonably infer that the patentee does not intend to enforce its patent against the alleged infringer. "Conduct" may include specific statements, action, inaction, or silence where there was an obligation to speak.

b. The alleged infringer relies on that conduct.

c. Due to its reliance, the alleged infringer will be materially prejudiced if the patentee is allowed to proceed with its claim.

A.C. Aukerman Co. v. R.L. Chaides Constr. Co., 960 F.2d 1020, 1028 (Fed. Cir. 1992).

Defendants never offer any evidence on these elements or suggest that different elements should be applied. The Court finds Marine Polymer to be on point on the issue. In that case, the Federal Circuit stated that the plain and unambiguous language of § 307(b), which governs intervening rights arising from ex parte reexamination, "specifies that only

'amended or new' claims incorporated into a patent during reexamination 'will have the same effect as that specified in section 252,' *i.e.*, will be susceptible to intervening rights." Marine Polymer, 672 F.3d at 1363. Because Plaintiff's disavowal or disclaimer was not an amended or new claim, the doctrine of intervening rights does not apply. Defendants' Motion for Summary Judgment on this issue will be denied.

## **CONCLUSION**

For the reasons set forth herein, Defendants' Motion for Summary Judgment of Invalidity, Non-Willfulness, and Equitable Estoppel (Dkt. No. 522) is GRANTED IN PART and DENIED IN PART. Defendant's Motion is granted on the issue of willfulness and denied on all other issues.

IT IS SO ORDERED this 28th day of August, 2015.

ROBIN J. CAUTHRON
United States District Judge