IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE: TRANSDATA, INC. SMART ) 
METERS PATENT LITIGATION ) Case Number 12-ml-2309-C

**MEMORANDUM OPINION AND ORDER**
**NUNC PRO TUNC**[*]

Defendant OG&E has filed a Motion to Reconsider (Dkt. No. 582), requesting the Court reconsider its June 25, 2013, construction of the claim phrase "electric meter circuitry." According to OG&E, in a recent response to a Motion for Summary Judgment, Plaintiff changed its position with respect to the basis for the Court's decision. OG&E requests the Court return to the original construction of "electric meter circuitry." Plaintiff argues no change has been made, as it has always claimed "electric meter circuitry" required a digital meter.

Some background of the case is necessary for resolution of OG&E's Motion. When the Court originally construed the phrase "electric meter circuitry," it determined that term should be given its ordinary meaning. Plaintiff then filed a Motion to Reconsider, arguing that during reexamination proceedings before the Patent Office ("PTO"), it disavowed or disclaimed the existence of electromechanical meters and argued that electric meter circuitry required digital electric meter circuitry.

In the present Motion, OG&E argues that Plaintiff has changed its position and argues that it never disclaimed or disavowed the electromechanical meters. In response, Plaintiff

---

[*] This Order is issued to correct a scrivener's error on pages 2-3 noting that Plaintiff is estopped from arguing that disclaimer disavowal did not occur.

argues that it made no change and has never changed its position; rather, since 1997 it has consistently held that the phrase "electric meter circuitry" concerns only digital meters.

Plaintiff's position is inconsistent with the statements made in the earlier Motion to Reconsider. On page 2 of docket number 181, Plaintiff stated, "TransData consistently argued during reexamination that its patents are limited to digital meters and expressly disclaimed electromechanical meters from the scope of the patents." TransData went on to state: "The Court's construction does not account for TransData's statements and disavowal of electromechanical meters (and the PTO's confirmation of such), and it is directly at odds with the PTO's stated scope of 'electric meter circuitry.'" Then, on page 4 of the same document, Plaintiff states, "TransData expressly disclaimed electromechanical meters from the scope of its patents during reexamination and insisted that its patents related only to digital meters, as both TransData and the Examiner understood from the original prosecution of the patents." (footnote omitted). Indeed, the law cited and the arguments made by TransData in its Motion to Reconsider all centered on the fact that it had disclaimed or disavowed electromechanical meters during reexamination of each of the patents in suit. Thus, contrary to the arguments now presented by TransData, the Court's decision to reconsider and give a new construction to the phrase "electric meter circuitry" was based on its disavowal of electromechanical meters at reexamination.

However, this determination does not warrant granting Defendant OG&E's Motion for Reconsideration. Rather than reinstate its earlier construction, the Court finds the proper course is to find that TransData is estopped from now arguing that a disclaimer disavowal

2

did not occur during the reexamination proceedings. While Plaintiff argued that it had expressly excluded electromechanical meters as early as 1997, the Court's determination rejected that argument, finding that the evidence presented made clear that any disavowal or disclaimer of electromechanical meters did not occur until reexamination. That ruling is the law of the case on the issue.

For these reasons, OG&E's Motion to Reconsider Claim Construction Order Based on TransData's Summary Judgment Admissions (Dkt. No. 582) is DENIED. The Court's construction of the phrase "electric meter circuitry" as set forth in docket number 199 will control in this litigation. Further, the Court's determination that Plaintiff disclaimed or disavowed electromechanical meters during the reexamination process is also determined as a matter of law.

IT IS SO ORDERED this 23rd day of December, 2015.

/s/ Robin J. Cauthron

ROBIN J. CAUTHRON
United States District Judge